UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY B. HOLMAN (N-50664), | ) |
| Petitioner, | ) ) ) |
| | ) Case No. 10-cv-7389 |
| v. | ) ) Judge John W. Darrah |
| ALEX DAWSON, Warden, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Jerry B. Holman, proceeding *pro se*, has filed a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254. He states one claim for relief: his criminal conviction was the product of an unlawful search and seizure. For the reasons stated below, the Petition is denied.

## BACKGROUND

The following facts are taken from the Illinois Appellate Court's decision on direct appeal:[1]

> Waukegan police officer Joshua Amann testified that on September 15, 2007, he was patrolling a bike path in Waukegan that he described as an area having "a lot of graffiti" and "activity." At 9 p.m., Amann saw two men walking toward his parked squad car. One man, Donald Dagen, was carrying what Amann believed was a 40-ounce bottle of alcohol. The other man, defendant [Holman], was not carrying

---

[1] In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. §2254(e)(1). The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*

anything. Amann announced he was a police officer and turned on his squad car's spotlight. He ordered them loudly to "come here." Dagen put the bottle down near the bike path. Then he and defendant veered off the path and crouched behind some bushes. At this point, Amann could see only the tops of their heads. Amann called for backup and again ordered the two men to come over and talk to him. After "a few seconds," defendant and Dagen emerged from the bushes and approached the squad car. Amann had them stand with their hands on the squad car until two other police officers arrived approximately a minute or two later. The officers then patted down both men. Amann testified that they did not find any weapons or contraband on either man.

While the backup officers watched defendant, Amann searched the bushes in the area where he saw Dagen and defendant crouch down. He found a bag containing 20 individually wrapped "crack" cocaine rocks sitting on a leaf that was growing underneath the bushes. Dagen and defendant were placed under arrest and handcuffed. They were transported to the police station in separate squad cars. Amann noticed defendant moving around in the backseat of his squad. He told defendant he always searched his car after transporting anyone. Amann testified that defendant replied that he was "throwing crack rocks in the back of [his] squad car." After defendant was brought into the station for booking, Amann searched the car while it was in the police garage and found 10 individually packaged crack rocks on the floor of the car.

Three officers then conducted a "strip search" of defendant and found seven individually wrapped "crack" cocaine rocks in the elastic of his underwear.

*People v. Holman*, 937 N.E.2d 196, 198-99 (Ill. App. Ct. 2010).

Holman was tried before a jury in the Circuit Court of Lake County, Illinois, and found guilty of possession of a controlled substance with intent to deliver. *See id.* at 196. Before the case went to trial, a two-day hearing was held on Holman's motion to suppress evidence. Testimony was presented and attorneys on both sides were permitted to make oral arguments and submit additional authority for the court's consideration. *See* Tr. of Hearings on Pet'r Mot. to Suppress (Resp't Ex. G). The motion was denied.

Holman directly appealed his conviction to the Illinois Appellate Court and argued for reversal on four grounds: (1) the trial court erred in failing to suppress the evidence recovered as a result of his seizure and arrest on the ground that they were unjustified; (2) Holman was denied his right to due process when the trial court prohibited his counsel from using demonstrative evidence during cross-examination; (3) the trial court erred in imposing a fee for reimbursement of court-appointed counsel without first conducting a hearing to determine Holman's ability to pay the fee; and (4) the trial court erred in sentencing Holman to serve a three-year term of supervised release.[2] The Second District Appellate Court affirmed Holman's conviction, sentence, and exclusion of demonstrative evidence but vacated the reimbursement order and remanded the case for a hearing on Holman's ability to pay for the services of his court-appointed counsel. *See People v. Holman*, 937 N.E.2d at 196.

Holman then filed a Petition for Leave to Appeal ("PLA") with the Illinois Supreme Court, presenting the following claims: (1) the appellate court erred in affirming the trial court's conviction for possession of cocaine with intent to deliver by, among other things, denying Holman's motion to suppress and (2) the appellate court erred in affirming the trial court's imposition of a three-year term of supervised release. *See* PLA, *People v. Holman*, No. 110643 (Ill. 2010) (Resp't Ex. E). The PLA was denied on September 29, 2010. *See* Order Denying PLA, *People v. Holman*, 938 N.E. 2d 516, No. 110643 (Ill. 2010) (Resp't Ex. F).

---

[2] Holman was sentenced to fourteen years' imprisonment followed by three years of supervised release.

On December 15, 2010, Holman filed a petition for *habeas corpus* relief in this Court, pursuant to 28 U.S.C. § 2254. His petition sets forth a single claim:

> Under the 1, 5, and 14 Amendment [*sic*] to the U.S. Constitutional [*sic*] to redress of grievance to a fair trial, and to due process. And equal protection of the law, were violated to wit: Jerry Holmans [*sic*] response to a police officer illegal stop could not serve as the basis for his arrest, and search, (continual) page 5a.[3]

Pet. at 5.

Holman thus presents an issue that was raised at trial, on appeal, and in a PLA submitted to the Illinois Supreme Court. Accordingly, he has exhausted all state remedies, as required by 28 U.S.C. § 2254(b)(1)(A).

## LEGAL STANDARD

When presented with claims that have already been adjudicated by a state court, a district court can only grant a petition for *habeas corpus* in limited circumstances:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Section 2254 applies to factual determinations made by state appellate courts as well as trial courts. *Sumner v. Mata*, 449 U.S. 539, 547 (1981).

---

[3] Page 5a of Holman's Petition contains a copy of Holman's PLA. The PLA argued that the Illinois Supreme Court should resolve a split of authority between the Second District Appellate Court and the First and Fourth District Appellate Courts on the issue of whether evidence obtained as a result of unauthorized police conduct must be suppressed.

The burden of proof falls on the petitioner to show that he is entitled to relief under any theory. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (*per curium*). Further, this Court must apply the presumption that the state courts know and follow the rules of federal constitutional law. *Id* at 24.

## ANALYSIS

Although Holman's claim states that Holman's First, Fifth, and Fourteenth Amendment rights were violated, the substance of his claim is that Holman's response to a police officer's illegal stop could not serve as the basis for his arrest and search and that the drugs recovered from that search should therefore have been suppressed. The right to be free from unreasonable searches and seizures comes, not from the First and Fifth Amendments, but from the Fourth Amendment, which is applied to the states through the Fourteenth Amendment. U.S. Const., amend IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."); *see also Maryland v. Pringle*, 540 U.S. 366, 369 (2003). Thus, Holman's claim is clearly premised on his Fourth Amendment rights.

The search of which Holman complains, however, was expressly determined to be lawful by the Illinois Appellate Court:

> Defendant abandoned the drugs <u>before</u> he was seized. He was not seized until he returned to the path, approached the squad car, and submitted to the order. The allegedly unlawful seizure at the time of submission did not result in the recovery of any evidence. Thus, the arrest based on the drugs found during the perimeter search was proper, and the search incident to that arrest was valid.

*People v. Holman*, 937 N.E.2d 196, 201 (Ill. App. Ct. 2010) (emphasis in the original).

Where "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (*Stone*). The exclusionary rule may not be enforced in a federal *habeas* proceeding "unless the state judiciary denied the defendant a full and fair opportunity to contest the search or seizure." *Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005). Further review of those proceedings is barred by *Stone* unless the state litigation was a "sham." *Cabrera v. Hinsley*, 324 F.3d 527, 530-31 (7th Cir. 2003) ("Absent a subversion of the hearing process, we will not examine whether the judge got the decision right."). The exclusionary rule is meant "to prevent, not to repair." *Brock v. United States*, 573 F.3d 497, 501 (7th Cir. 2009) (quoting *Stone*, 428 U.S. at 484).

Although he was granted leave to do so, Holman did not file a reply to Respondent's brief; and he does not claim that he was denied a full and fair opportunity to present his suppression argument to the state courts or that the proceedings on that issue were a "sham." Indeed, the state-court record plainly indicates that Holman's argument received full consideration at multiple levels of the Illinois court system. Accordingly, Holman's claim for relief is denied.

Respondent asks that a certificate of appealability not be issued in this case. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Holman has

failed to make a substantial showing of the denial of a constitutional right in the instant petition. Accordingly, the issuance of a certificate of appealability is denied.

## CONCLUSION

For the reasons stated above, Holman's Petition is denied.

Date: April 14 2011

JOHN W. DARRAH
United States District Court Judge